Dear Mr. Durant:
You have requested an opinion of the Attorney General in your capacity as General Counsel to the Louisiana Department of Transportation and Development (DOTD). Your question relates to the legal authority for DOTD to maintain an area of property belonging to DOTD employees who are required to periodically store state-owned vehicles at home.
The employees in question operate heavy bucket trucks (Trucks) which are used for the repair of traffic control signals. Periodically, these employees are on call twenty-four hours a day, seven days a week. When this occurs, they are, as a condition of their employment, required to drive the Trucks home. This periodic home storage policy was implemented by DOTD to minimize response time and expedite repair calls, thereby reducing potential liability for injuries related to faulty signal lights. We focus now on the problem which gives rise to your request.
The areas of the employees' yards and driveways upon which the Trucks are parked have, and continue to be damaged as a result of the extreme weight of these multi-ton vehicles. On more than one occasion DOTD vehicles had to be summoned to extract the Trucks from rain saturated yards. It is our understanding that DOTD is in possession of photographs depicting the extent of the damage.
The affected employees have requested the assistance of DOTD in maintaining the area upon which they park the Trucks. You ask whether it is legally permissible for DOTD to furnish materials and labor necessary to maintain these areas. Parenthetically, we note that attached to your request is an advisory opinion from the Louisiana Board of Ethics dated April 17, 1998, wherein the Board concluded that there is no apparent violation of the Code of Governmental Ethics for DOTD to assist its employees in this manner.
The constitutional norm for the lawful use of public funds is found in Art. VII, Section 14 of the Louisiana Constitution of 1974. Paragraph (A) generally prohibits the loan, pledge or donation of public funds or property. Exceptions to this prohibition are found in Paragraph (B), all of which are inapplicable to the case at hand.
Paragraph (C) of Section 14 authorizes the state (i.e., DOTD) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations or individuals. However, Paragraph (C) merely supplements the prohibition against donations in Section 14(A). It does not create an exemption or exception from the general constitutional norm. The Louisiana Supreme Court has ruled that all cooperative endeavors authorized by Article VII, Section 14(C), must also meet the general standard for the nongratuitous alienation of public funds or property established by Paragraph (A). City ofPort Allen v. Louisiana Risk Management, et al, 439 So.2d 399
(La. 1983).
Despite the authorization of cooperative endeavors, Section 14(A) is, nevertheless, violated whenever the State seeks to give up something of value in the absence of a legal obligation to do so. In other words, only if the transfer of public funds is required by a valid legal obligation will it be considered a constitutionally sanctioned cooperative endeavor.
The requirement of a legal obligation to expend public funds or to use public equipment and labor is the threshold, but not the only predicate, for the constitutionality of the expenditure. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General Opinion Nos. 97-471-A, 92-722, 90-651 and 90-392. A public purpose and benefit are presumed where the underlying legal obligation for the expenditure is created by the constitution, a statute or an ordinance.
As previously discussed, DOTD policy dictates that on call
employees of the Electrician Signal Shop are, as a condition of their employment, required to store the Trucks at their private residences. We are of the opinion that such a policy legitimately leads to an obligation on behalf of DOTD, thus satisfying the threshold requirement for a valid cooperative endeavor agreement. We focus now on the second criterion that the labor and materials furnished must be for a public purpose.
As discussed above, the reason for DOTD's policy of periodic home storage is to minimize the time within which DOTD employees respond to calls for the repair of traffic signals. This, in turn, minimizes DOTD's exposure to potential liability for damages resulting to drivers and pedestrians as a result of a malfunctioning signal. Accordingly, we conclude that the furnishing of materials and labor serves a public purpose — i.e., that of minimizing the State's liability and protecting the health, safety and welfare of the general citizenry. We turn now to the remaining issue of whether the public benefit created is reasonably proportionate to the cost incurred by DOTD.
Based upon our analysis of the information furnished along with your request, as well as the facts discussed hereinabove, it would appear that the cost to DOTD is far outweighed by the public benefit realized. In other words, DOTD's furnishing of labor and materials to build and maintain these parking areas creates a benefit for the public that is proportionate to the cost incidental thereto.
We find support for our opinion in Attorney General Opinion No. 92-265, wherein it was held that public funds may be used by a political subdivision to pay for the replacement of a structure on private property destroyed or rendered inadequate due to the maintenance of a drainage ditch pursuant to a parishwide drainage program. I am enclosing a copy of this opinion for your reference and convenience.
The cooperative endeavor agreement itself should be in writing and reflect the mutual obligations and benefits to be performed and received by each party, thereby assuring that the benefits received by DOTD are commensurate to its financial participation. Further, the agreement should include hold harmless and/or indemnification clauses under which DOTD will avoid any liability by virtue of its participation. Finally, DOTD must confirm, by visual examination, that the construction of the parking areas is warranted and that they are being used in compliance with DOTD policy.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla